**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID SCONCE,<br><br>                Petitioner,<br><br>v.<br><br>PATRICK COVELLO, Warden,<br><br>                Respondent. | Case No. 2:21-cv-07708-ODW-PD<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY** |

**I.   Introduction**

On September 20, 2021, Petitioner David Sconce, a California state prisoner, filed a "Petition for Writ of Error Coram Nobis, Pursuant to the All Writs Acts, 28 U.S.C. § 1651(a)." [Dkt. No. 1.] Petitioner pled guilty to conspiracy to commit murder in April 1997 and was sentenced to lifetime probation. Invoking 28 U.S.C. § 1651(a), Petitioner alleges that: (1) the state proceedings misinterpreted a March 1997 grant of writ of federal habeas corpus pursuant to the Ninth Circuit's decision in *Sconce v. Garcetti*, 96 F.3d 1451, 1996 WL 495109 (9th Cir. 1996); and (2) his counsel committed

ineffective assistance of counsel during the proceedings.[1]

For the reasons stated below, the Petition should be summarily dismissed.

## II. Pertinent Procedural History

The instant Petition is Petitioner's fifth attempt to challenge his 1997 plea to conspiracy to commit murder and lifetime probation sentence, which he was found to have violated and thereafter sentenced to 25 years to life in 2013.

His first habeas petition challenging the plea proceedings was denied and dismissed with prejudice in February 2018 after the Court reached the merits. *Sconce v. California*, No. 2:14-cv-2447-ODW-JC (C.D. Cal.), Dkt. No. 78, *report and recommendation adopted*, 2018 U.S. Dist. LEXIS 56070.

Petitioner voluntarily dismissed his second habeas petition in February 2021, after the Magistrate Judge issued a Report and Recommendation for dismissal without prejudice on the ground that it was second or successive. *Sconce v. Covello*, No. 2:20-cv-01846-ODW-PD (C.D. Cal.), Dkt. Nos. 22, 27, 28, 29.

Petitioner's third habeas petition was dismissed without prejudice as second or successive in August 2021. *Sconce v. Covello*, No. 2:21-cv-04872-ODW-PD (C.D. Cal.), Dkt. No. 6. The Clerk of the Court referred the Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a). On September 20, 2021, the Ninth Circuit issued an order denying Petitioner's application for authorization to file a second or successive § 2254 habeas corpus petition. *Sconce v. Covello*, No. 21-71252, Dkt. No. 5.

---

[1] The procedural history of Petitioner's state criminal cases and federal petitions for a writ of habeas corpus is detailed in a 2018 Report and Recommendation that was adopted by this Court in dismissing a petition for a writ of habeas corpus. *Sconce v. California*, No. 2:14-cv-2447-ODW-JC, Dkt. No. 78 at 3-20, 2018 U.S. Dist. LEXIS 56057, at *2-*25.

His fourth habeas petition was dismissed as second or successive on September 17, 2021. *Sconce v. Covello*, No. 2:21-cv-07067-ODW-PD (C.D. Cal.), Dkt. No. 3.

### III. Summary Dismissal is Warranted

Petitioner now alleges that a writ of error coram nobis is an appropriate vehicle to challenge the 1997 state court proceedings because they occurred following federal habeas relief which ordered specific performance of a prior plea agreement in Petitioner's criminal case.

"[T]he writ of error coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." *United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007). Such relief may be sought only from the court whose ruling is being challenged. *See United States v. Monreal*, 301 F.3d 1127, 1131 (9th Cir. 2002) ("A writ of error coram nobis attacking [a] conviction may only be brought in the sentencing court."). Thus, "[c]oram nobis relief is not available in federal court to attack a state court conviction." *Casas-Castrillon v. Warden*, 265 F. App'x 639, 640 (9th Cir. 2008); *accord Finkelstein v. Spitzer*, 455 F.3d 131, 134 (2d Cir. 2006), *cert. denied*, 549 U.S. 1169 (2007) ("[D]istrict courts lack jurisdiction to issue writs of coram nobis to set aside judgments of state courts."); *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003) (same); *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments."); *Hensley v. Municipal Court*, 453 F.2d 1252, 1252 n.2 (9th Cir. 1972) ("We are unable to treat this petition as one seeking coram nobis relief because [the petitioner] seeks to challenge a state court proceeding in federal court. Coram nobis lies only to challenge errors occurring in the same court."), *rev'd on other grounds*, 411 U.S. 345 (1973); *Rafus v. United States*, 2014 WL 3954871, at *2 (C.D. Cal. Aug. 2014) (same).

To obtain coram nobis relief, a petitioner must show that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character." *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002) (in the § 2255 context) (citing *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)). Thus, where "the more usual remedy of a habeas petition is available, the writ of error coram nobis is not." *Id.* at 761.

The current Petition challenges the 1997 California state court proceedings in which Petitioner pled guilty to conspiracy to commit murder and received a lifetime probation sentence. Accordingly, federal coram nobis relief is unavailable because the error is alleged to have been made not in this court, but in the state court. Additionally, petitioner is in custody after violating probation. He cannot meet the first requirement as the more usual remedy of a habeas petition is available to him even if it would be second or successive. *See Matus-Leva,* 287 F.3d at 761 ("A petitioner may not resort to coram nobis merely because he has failed to meet the AEDPA's gatekeeping requirements. To hold otherwise would circumvent the AEDPA's overall purpose of expediting the presentation of claims in federal court and enable prisoners to bypass the limitations and successive petitions provisions.")

Properly construed as a habeas petition challenging the state court proceedings, the instant Petition is again second or successive and subject to summary dismissal. *See* Rule 4, Rules Governing Section 2254 Cases (district court must summarily dismiss Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court"). Absent an order from the Ninth Circuit, Petitioner may not bring another habeas corpus petition in this Court

challenging the 1997 conviction and sentence. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (holding district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

Petitioner incorrectly asserts that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not apply because he first sought habeas relief prior to the statute's enactment and the 1997 plea. Any petitions filed before the 1997 proceedings are immaterial, because it is that judgment which Petitioner now challenges. Consequently, the Petition is governed by the AEDPA because it was filed after the statute became effective on April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997); *Lambert v. Blodgett*, 393 F.3d 943, 965 (9th Cir. 2004). Moreover, even had the judgment occurred pre-AEDPA and Petitioner filed a petition challenging it then, the AEDPA's second or successive standard would nonetheless apply to any post-effective date filings. *Prince v. Lizarraga*, 733 F. App'x 382, 384 (9th Cir. 2018) ("[A]pplying AEDPA to second-in-time habeas petitions, where the initial habeas petition was filed pre-AEDPA, does not constitute retroactive application of AEDPA, let alone impermissible retroactive application. This is because AEDPA's enactment does not 'impair' a petitioner's right to file a second-in-time habeas petition, regardless of when he filed his initial petition."). Therefore, the Petition is dismissed without prejudice to Petitioner seeking authorization from the Court of Appeals.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if . . . [there is] a substantial showing of the denial of a constitutional right"); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529

U.S. 473, 484 (2000) (A "substantial showing . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'") (citation omitted). In this matter, Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court concludes that a certificate of appealability is unwarranted, and a certificate of appealability is denied.

IT IS SO ORDERED.

Dated: October 7, 2021

_____
HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

Presented by:

_____
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE